# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSE ACEVEDO, JR., A/K/A JUNIOR,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 74476

**FILED**

MAR 29 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

Jose Acevedo, Jr. appeals from a judgment of conviction, pursuant to a jury verdict, of domestic battery resulting in substantial bodily harm. Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge.

The State charged Acevedo with domestic battery resulting in substantial bodily harm under NRS 200.485 and NRS 200.481(2)(b). During plea negotiations, the State amended its charge to battery resulting in substantial bodily harm. The parties then scheduled a change of plea hearing with the district court.

At the change of plea hearing, the district court expressed concern with the State dropping the domestic battery charge given NRS 200.485(9), which provides in relevant part:

> If a person is charged with committing a battery which constitutes domestic violence pursuant to NRS 33.018, a prosecuting attorney shall not dismiss such a charge in exchange for a plea of guilty, guilty but mentally ill or nolo contendere to a lesser charge or for any other reason unless the prosecuting attorney knows, or it is obvious, that

the charge is not supported by probable cause or
cannot be proved at the time of trial.[1]

The district court questioned the State to determine its reasons for dropping the domestic violence charge. The State's answers did not indicate that it believed that the charge lacked probable cause support or could not be proved at trial. Rather, the State said that it wanted to charge the domestic aspect of the crime in justice court. Further, the State indicated that it charged Acevedo with domestic battery resulting in substantial bodily harm so that he would plead to the lesser charge of battery resulting in substantial bodily harm. Both of these answers indicate that the State believed that it could prove domestic battery resulting in substantial bodily harm at trial.

The district court expressed that it did not believe that what the State was doing was legal under NRS 200.485(9). However, the district court noted its limited role in the plea agreement process, and accepted Acevedo's guilty plea. But the next day, the district court sua sponte issued an order vacating the plea agreement. The district court reasoned that the plea agreement did not comport with NRS 200.485(9) and was therefore invalid. Acevedo did not object to the vacated plea agreement or to the case proceeding to jury trial. The jury convicted Acevedo of domestic battery resulting in substantial bodily harm. Acevedo now appeals claiming that

---

[1]NRS 200.485 was amended effective January 1, 2018. *See* 2017 Nev. Stat., ch. 496, § 11(2), at 3185. As a result, the provisions in NRS 200.485 were renumbered. At the time of the district court's order, this provision was numbered NRS 200.485(8). Throughout this order, we refer to the current version of the statute and NRS 200.485(9). The substance of this provision was not changed as a result of the amendment. *See* 2017 Nev. Stat., ch. 496, § 9, at 3185.

the district court's order vacating the plea agreement violated the Double Jeopardy Clause and contract law principles.

Because Acevedo did not raise either of these issues in the district court, we review the district court's order for plain error. *See Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008). Under plain error review, we will not reverse the district court's order unless: "(1) there was an 'error'; (2) the error is 'plain,' meaning that it is clear under current law from a casual inspection of the record; and (3) the error affected the defendant's substantial rights." *Jeremias v. State*, 134 Nev., Adv. Op. 8, 412 P.3d 43, 49 (2018). Acevedo has not persuaded us that the district court committed an error that is clear under current law from a casual inspection of the record when it determined that NRS 200.485(9) prevented it from validly accepting the plea. Nor did the district court commit plain error when it determined that an illegal plea may be set aside without offending double jeopardy or contract principles. *Cf. Righetti v. Eighth Judicial Dist. Court*, 133 Nev. 42, 48-49, 388 P.3d 643, 649 (2017) (holding that a district court can properly set aside a guilty plea that is improperly entered). Therefore, we conclude that Acevedo has failed to demonstrate plain error and we

ORDER the judgment of the conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc: Hon. Elliott A. Sattler, District Judge
Law Office of Thomas L. Qualls, Ltd.
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk